IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2021

**STATE OF TENNESSEE v. QUINTON CAGE**

**Appeal from the Circuit Court for Montgomery County**
**No. 034374     Jill B. Ayers, Judge**

**No. M2020-00360-CCA-R3-CD**

The petitioner, Quinton Cage, appeals the Montgomery County Circuit Court's summary dismissal of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Also before us is the petitioner's motion, filed pursuant to Tennessee Rule of Appellate Procedure 14, to consider post-judgment facts. Because the petitioner's claim of a double jeopardy violation is not cognizable in a Rule 36.1 motion, we affirm the trial court's summary dismissal of the motion to correct an illegal sentence. Furthermore, because the post-judgment facts posited by the petitioner do not relate to actions that occurred after the judgment in this case, we deny the petitioner's motion to consider post-judgment facts.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Quinton Cage, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Art Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In December 1994, a Montgomery County jury convicted the petitioner of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment. *Quinton Albert Cage v. State*, No. M2016-02574-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, Nov. 13, 2017). For these convictions, the petitioner received an effective 55-year sentence. *Id.*

The petitioner has unsuccessfully sought relief from his convictions through myriad avenues. *See State v. Quinton Cage*, No. 01C01-9605-CC-00179, 1999 WL 30595 (Tenn. Crim. App., Nashville, Jan. 26, 1999) (direct appeal); *Quinton A. Cage v. State*, No. M2000-01989-CCA-R3-PC (Tenn. Crim. App., Nashville, Aug. 7, 2001) (petition for post-conviction relief); *Quinton Cage v. Howard Carlton, Warden*, No. E2008-00357-CCA-R3-CD-HC, 2008 WL 3245567 (Tenn. Crim. App., Knoxville, Aug. 8, 2008) (petition for writ of habeas corpus); *Quinton Albert Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-CD-HC (Tenn. Crim. App., Knoxville, July 10, 2012) (petition for writ of habeas corpus); *Quinton A. Cage v. State*, No. M2011-00234-CCA-R3-PC (Tenn. Crim. App., Nashville, Oct. 5, 2012) (motion to reopen post-conviction petition); *Quinton Albert Cage v. State*, No. M2016-02574-CCA-R3-PC (Tenn. Crim. App., Nashville, Nov. 13, 2017) (motion to reopen post-conviction petition); *Quinton Cage v. State*, No. M2018-00658-CCA-R3-HC (Tenn. Crim. App., Nashville, Sept. 21, 2018) (petition for writ of habeas corpus); *Quinton A. Cage v. State*, M2019-01888-CCA-R3-HC (Tenn. Crim. App., Nashville, July 6, 2020) (petition for writ of habeas corpus).

On January 24, 2020, the petitioner moved to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences are illegal because his convictions violated principles of double jeopardy, thus depriving the trial court of jurisdiction to impose a sentence. The trial court summarily denied the motion for failure to raise a cognizable claim under Rule 36.1.

In this timely appeal, the petitioner reasserts his argument that his convictions violate principles of double jeopardy and that, consequently, his sentences are illegal.

Also before us is the petitioner's motion to consider post-judgment facts. As relevant here, Tennessee Rule of Appellate Procedure 14 provides:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party may consider facts concerning the action that occurred after judgment. Consideration of such facts lies in the discretion of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters.

Tenn. R. App. P. 14(a). Importantly, this rule permits this court to consider facts outside of the record on appeal when those facts concern an "action that occurred *after* judgment." *Id.* (emphasis added). The facts that the petitioner seeks to have reviewed by this court include documents related to his educational achievements, certificates of participation in certain prison programs, letters between the petitioner and his trial counsel, results of mental health examinations, and two trial motions. Other than one certificate of participation, all of these documents relate to events and actions that occurred prior to the the trial court's February 2020 order denying his Rule 36.1 motion. Furthermore, none of these documents have any bearing on whether the petitioner's sentence is illegal.

The petitioner's motion also alludes to issues of ineffective assistance of counsel, the sufficiency of the convicting evidence, and conditions of his incarceration. These issues however, are irrelevant to whether the petitioner's sentence is illegal, and Rule 14 "is not intended to permit a retrial in the appellate court." Tenn. R. App. P. 14, Advisory Comm'n Comments. We, therefore, deny the petitioner's motion to consider post-judgment facts.

As to the petitioner's appeal of the trial court's summary denial of his motion to correct an illegal sentence, Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, even considering all of the petitioner's allegations to be true, Rule 36.1 does not afford him relief. This court has repeatedly held that double jeopardy claims are not cognizable in a Rule 36.1 proceeding. *See e.g.*, *State v. Samuel L. Giddens, Jr.*, No. M2014-01505-CCA-R3-CD, slip op. at 12 (Tenn. Crim. App., Nashville, Feb. 20, 2015); *State v. Michael Sargent*, No. W2018-00517-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Jackson, Apr. 3, 2019); *State v. Kareem Northington*, No. M2019-01179 -CCA-R3-CD slip op. at 3 (Tenn. Crim. App., Nashville, Sept. 28, 2020).

Accordingly, we deny the petitioner's motion for this court to consider post-judgment facts, and, discerning no error in the trial court's summary dismissal of the petitioner's motion, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE